Leoncio P. **MARZAN**; et al., **Petitioners**,

v.

John **ASHCROFT**, Attorney General, **Respondent**.

No. 03–74676.

Agency Nos. A72–689–470, A72–689–471, A72–689–472.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amos Lawrence, Esq., Attorney at Law, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, Stacy S. Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM [**]

Lead petitioner Leoncio P. Marzan, his wife and son, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,*

350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's finding that Marzan failed to establish that the threats he received, both over the phone and in person, from the Nationalist Army of the Philippines ("NAP") and the New People's Army ("NPA") constituted past persecution. *See Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000) (holding that threats, standing alone, constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual "suffering or harm."). Moreover, substantial evidence supports the IJ's finding that Marzan failed to establish a well-founded fear of future persecution because Marzan did not demonstrate that the NAP still exists and the State Department report indicates that the NPA was active in only two percent of the country and that former Marcos adherents have been able to return to the country without difficulty. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002) (concluding that when a petitioner has not established past persecution, the IJ may rely on a State Department report in considering whether the petitioner has demonstrated that there is a good reason to fear future persecution) (citations omitted).

Because Marzan failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Marzan does not challenge the IJ's denial of CAT relief and therefore this issue is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.